## In re VETTERMAN.

(District Court, D. New Hampshire. February 2, 1905.)

### No. 997.

BANKRUPTCY—ACTS—ATTACHMENT.

A creditor's petition in an involuntary bankrupt proceeding, which merely alleges as an act of bankruptcy that an attachment has been made of the debtor's property in a legal proceeding, without reference to the disposition thereof, is insufficient, under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. 1903, p. 410], providing that if the bankrupt suffer or permit, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days

before sale or final disposition of any property affected by such preference vacated or discharged the same, he shall have committed an act of bankruptcy.

John E. Allen, for petitioning creditors.
Harry J. Brown, for bankrupt.

ALDRICH, District Judge. This petition of creditors, sufficient in number and representing a sufficient amount of indebtedness, filed January 5, 1905, alleges the insolvency of Vetterman, and, as an act of bankruptcy, that he on the 8th of October, 1904—

"Suffered and permitted two attachments, mesne process, to be made upon his property at said Walpole under writs returnable at the April, 1905, term of the superior court for said county of Cheshire, which said attachments are still undischarged and in force," and by amendment "that said respondent did suffer and permit on October 8, 1904, while insolvent, certain creditors to obtain a preference through legal proceedings, in that two of his creditors, Moore & Sinnott and the Davenport Malt Company, did attach on said date, under mesne process, the property of said respondent, upon writs sued by them, respectively, and returnable at the April, 1905, term of the superior court of the state of New Hampshire, for the county of Cheshire, the said attachment in said suit of Moore & Sinnott being for the sum of four thousand dollars ($4,000), and the said attachment of the Davenport Malt Company being for the sum of one thousand dollars ($1,000); said attachments being made on said date of October 8, 1904, by the officer in whose hands said writs were placed for such purpose by said creditors; and said attachments have been continued in full force and undischarged, and without any sale or final disposition of the property thereby attached having been made to the present time."

It is said in the Seaboard Steel Casting Co. Case (D. C.) 124 Fed. 75, at page 76, that the mere suing out of an attachment, and levying the same, does not suffice to constitute an act of bankruptcy. Such a conclusion apparently results necessarily from the peculiar wording of section 3, cl. 3, of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference." The concluding part of the clause, with reference to the sale or final disposition, is connected with what precedes, in respect to preference through legal proceedings, by the word "and," thus making it one act of bankruptcy, culminating five days before sale or final disposition. If it were otherwise, and the inception and the culmination of the legal proceeding were separated by the word "or," it might be different. In such case there might be two acts of bankruptcy.

I find no authority for holding that a creditors' petition in an involuntary bankruptcy proceeding, which merely alleges that an attachment has been made in a legal proceeding, sets forth an act of bankruptcy, within the meaning of the statute of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), as amended in February, 1903, Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 410].

This decision in no way touches the question whether an attaching creditor acquires a valid lien, whose attachment is more than

four months old, when that part of clause 3 relating to the sale and the "five days before" operates upon the situation. See Wilson v. Nelson, 183 U. S. 191, 197, 198, 22 Sup. Ct. 74, 46 L. Ed. 147. See, also, Metcalf Bros. v. Barker, 187 U. S. 165, 174, 23 Sup. Ct. 67, 47 L. Ed. 122; In re Blair (D. C.) 108 Fed. 529.

Demurrer sustained and petition dismissed.