FREDERIC L. GRANT SHOE COMPANY *v.* W. M. LAIRD COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NEW YORK.

No. 63.   Argued October 26, 1906.—Decided December 17, 1906.

A judgment of the bankruptcy court that a person against whom a petition has been filed is or is not a bankrupt, based upon the verdict of a jury demanded as of right under § 19 of the bankruptcy law, can only be reviewed by this court by writ of error and not by appeal.

See 125 Fed. Rep. 576; 130 Fed. Rep. 881.

In July, 1903, the W. M. Laird Company of Pittsburg, Pennsylvania, commenced proceedings in the District Court of the United States for the Western District of New York to cause the Frederic L. Grant Shoe Company, a corporation doing business in Rochester, New York, to be adjudicated involuntary bankrupts. The petition was solely made by the Laird Company, it averring, among other things, that the shoe company had less than twelve creditors, and that the petitioner was a creditor and had provable unsecured claims against the shoe company amounting in the aggregate to more than five hundred dollars. The nature of the claim was detailed at length, and showed that it was one for unliquidated damages aggregating $3,732.80, asserted to have been suffered by reason of breaches of an alleged express warranty in the sale of merchandise. The alleged bankrupt answered, denying its insolvency and the commission of any of the acts of bankruptcy averred in the petition, and demanded a trial by jury of the said issues. It also denied being indebted in any amount to the petitioner.

Soon afterwards a motion was made to dismiss the petition on the ground that, because of the nature of the claim held

by the Laird Company, that company was not a creditor and the holder of a provable claim for any amount against the shoe company within the meaning of subdivision *b* of section 19 of the bankruptcy act, and consequently was not entitled to file a petition in bankruptcy against the alleged debtor. The motion to dismiss was denied by the district judge. 125 Fed. Rep. 576. In the order entered it was directed that the claim of the petitioner be liquidated by the jury at the jury trial demanded by the alleged bankrupt for the determination of the issues as to insolvency and the commission of acts of bankruptcy. On the petition of the alleged bankrupt to review this order it was affirmed by the Circuit Court of Appeals for the Second Circuit. 130 Fed. Rep. 881.

A trial of the issues thus raised was had before a jury in May, 1905, and, as recited in the record, "at the close of all the evidence the court having directed the jury to find a verdict that the said alleged bankrupt did, within four months of the filing of the petition herein, commit an act of bankruptcy, in that it transferred a portion of its property to the German-American Bank of Rochester, one of its creditors, with the intent to prefer said German-American Bank over its other creditors, and that at the time of said transfer said alleged bankrupt was insolvent, and that the petitioner has a provable claim against said alleged bankrupt for damages for the breach of warranty in the sale of shoes, and that the amount of such claim of the petitioner is the sum of $3,454.00, the jury found a verdict accordingly." An order was thereupon entered adjudicating the shoe company a bankrupt, and declaring that the claim of the Laird Company was liquidated at the sum of $3,454.00. The present appeal was then taken.

For the purpose of the appeal, and reciting that it was pursuant to the requirements of General Order in Bankruptcy No. 36, the trial judge made and filed findings of fact and conclusions of law. A single question of jurisdiction was also certified as having been raised at the opening of the hearing in September, 1905, by motion to dismiss, substantially

upon the grounds urged in the previous motion to dismiss, which had been passed upon by the Court of Appeals.

*Mr. P. M. French* for appellant.

*Mr. Hiram R. Wood* for appellee.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

Without considering whether the shoe company, appellant in this court, is not concluded by the decision of the Circuit Court of Appeals upon the petition asking a review of the order of the District Court in bankruptcy, denying the original motion to dismiss, we do not pass upon the question presented by this appeal, as we find we are without authority to do so. *Elliott* v. *Toeppner*, 187 U. S. 327. In the cited case, answering a question certified from the United States Circuit Court of Appeals for the Sixth Circuit, it was held that a judgment that a person is not a bankrupt, entered by a court of bankruptcy on a verdict of not guilty in a trial by jury, demanded as of right under section 19 of the bankruptcy act, was reviewable only by writ of error. Section 25a of the Bankruptcy Act, which authorizes appeals, as in equity cases, to be taken to the Circuit Court of Appeals, among other cases, from a judgment adjudging or refusing to adjudge the defendant a bankrupt, was expressly considered, and it was held that the provision only applied to judgments adjudging or refusing to adjudge the defendant a bankrupt, "when a trial by jury had not been demanded, and where the court of bankruptcy proceeded on its own findings of fact." The reasoning upon which the decision was based was in substance that as in the character of proceeding under consideration the right to a trial by jury was absolute, such a trial was a trial according to the course of the common law, and judgments therein rendered are revisable only on writ of error (p. 332). As in

the case at bar a jury was demanded, the trial was before such jury, and their verdict determined the questions at issue, it follows that the record should have been brought to this court by writ of error and not by appeal.

*Appeal dismissed.*