PITTSBURGH LAUNDRY SUPPLY CO. et al. v. IMPERIAL LAUNDRY CO.

(Circuit Court of Appeals, Third Circuit. June 12, 1907.)

No. 351.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—PREFERENCE BY JUDICIAL PROCEEDINGS—VACATION—TIME.

Bankr. Act July 1, 1898, c. 541, § 3a, subd. 3, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], makes it an act of bankruptcy for a person while insolvent to have suffered or permitted any creditor to obtain a preference by legal proceedings, and not to have vacated or discharged the same at least five days before a sale or final disposition of any property affected thereby; and section 31 declares that, whenever time is enumerated by days in the act, the number of days shall be computed by excluding the first and including the last. *Held* that, where property of a bankrupt was advertised for sale under an execution on August 22, 1906, the bankrupt had the entire day of the 17th in which to vacate or discharge the execution, before it would be guilty of an act of bankruptcy.

2. SAME.

An allegation that defendant corporation committed an act of bankruptcy by permitting and confessing judgment to K., for the use of G., which judgment was entered, etc., and on which execution attachment was issued and a fi. fa. issued, and the goods of the defendant levied on by the sheriff, was insufficient.

3. SAME—APPEAL—REVIEW—DISCRETION—AMENDMENTS.

The refusal of a court of bankruptcy to permit the amendment of an involuntary bankruptcy petition, for the purpose of inserting additional alleged acts of bankruptcy, would not be interfered with on appeal, unless abuse of discretion was shown.

Appeal from the District Court of the United States for the Western District of Pennsylvania.

A. Y. Smith, for appellant.

Mr. Moore, for appellee.

Argued before DALLAS and GRAY, Circuit Judges, and HOLLAND, District Judge.

GRAY, Circuit Judge.   This is an appeal from the decree of the District Court for the western district of Pennsylvania, in bankruptcy, dismissing the petition of the appellants, as creditors of the Imperial Laundry Company, the appellee, to have the said company adjudicated a bankrupt.

On August 17, 1906, at eleven o'clock a. m., the said creditors' petition, in duplicate, was filed, stating claims amounting in the aggregate to $512.45, and alleging that the Imperial Laundry Company, a corporation of the state of Pennsylvania, having its principal place of business in the district aforesaid and engaged principally in mercantile pursuits, owed debts to the amount of one thousand dollars, was insolvent, and that within four months next preceding the date of the petition, committed an act of bankruptcy, in that it did theretofore, to wit, on the 15th day of August, A. D. 1906, while insolvent, suffer and permit certain creditors to obtain a preference through legal proceedings, and in not having, at least five days before a sale or final disposition of its property, affected by said preference, vacated or discharged the same; the specification being that, on said August 15, 1906, a certain creditor of said Imperial Laundry Company, viz., Arbuthnot Stephenson & Co., obtained judgment against said company for the sum of $114; and that on the 16th day of August, 1906, execution was issued by said creditor on said judgment, and levy was made by the constable on the goods and machinery and the property of the said bankrupt, and that the same was advertised for sale on the 22d day of August, 1906, at ——— o'clock, and it was alleged that the said bankrupt has not vacated or discharged said sale, or the preference that would be obtained thereby, at least five days before said sale.

It is further alleged:

"That the said laundry company also committed an act of bankruptcy, by permitting and confessing judgment to H. W. Kiskadden, for use of Isaac Guckenheimer, which said judgment is entered of record in the common pleas court No. 1 of Allegheny county, at D. S. B. No. 205 September term, 1906, on which said judgment execution attachment was issued at No. 549 September term, 1906, and fi. fa. issued at No. 111 September term, 1906, and the goods and property of the defendant was levied upon by the sheriff of said Allegheny county."

The petitioners then pray in the usual form for a subpœna, and that the said Imperial Laundry Company may be adjudged a bankrupt.

August 21, 1906, an answer was filed by the appellee, denying insolvency and also the commission of the act of bankruptcy first alleged, in that the date of filing the petition, to wit, the 17th day of August, 1906, was within five days of the time advertised for the sale

of said property. The answer also makes general denial as to the second act of bankruptcy alleged.

September 10, 1906, a petition was preferred by the appellants, to amend the creditors' petition by inserting three additional alleged acts of bankruptcy. This petition was refused. No reasons for the refusal are stated by the court, but they are readily apparent from an inspection of the amendments proposed, as they all lack the specific particularity requisite to the statement of an act of bankruptcy, or to sufficiently distinguish them from acts not in violation of the bankrupt law.

The assignments of error to the decree of the court, dismissing the petition, are, first, as to the holding that the company had all of the five days preceding the 22d, to vacate or discharge the alleged preference stated as the first act of bankruptcy in the petition. The act of 1898 declares in section 3a:

"Acts of bankruptcy by a person shall consist of his having * * * (3) suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having, at least five days before a sale or final disposition of any property affected by such preference, vacated or discharged such preference." Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422].

The learned judge of the court below was of the opinion that the sale being set for August 22d, the alleged bankrupt had all of the five days preceding the 22d to vacate or discharge the alleged preference, and this would give all of the 17th to do so. "Having all that day to vacate or discharge the execution, it follows it was guilty in that regard of no act of bankruptcy before the end of that day." In this opinion, we think the learned judge was clearly right. Section 31 of the bankrupt act provides for the computation of time as follows:

"Whenever time is enumerated by days in this act, or in any proceeding in bankruptcy, the number of days shall be computed by excluding the first and including the last."

The 17th of August, the day on which the petition was filed, being excluded. there were five full days to and including August 22d, the day set for the sale. The petition was therefore prematurely filed in respect to this alleged preference. That the facts alleged in reference to the judgment for the use of Guckenheimer do not constitute an act of bankruptcy, is apparent on the face of the petition, and it is due to counsel for appellants to say that they were not urged as such at the hearing of this appeal.

The other assignments of error refer to the refusal of the court below to allow the amendments to the petition above referred to. The whole matter of permitting or refusing amendments, is entirely within the judicial discretion of the court, and, in accordance with the general rule, will not be interfered with by a reviewing court, unless abuse of such discretion has been shown. As the record discloses no ground for such interference in this case, the decree of the court below is affirmed.