LENNOX v. ALLEN-LANE CO. et al. (two cases). SAME v. ROSEN-CRANTZ et al. (two cases). SAME v. COBB et al. (two cases).

(Circuit Court of Appeals, First Circuit. December 16, 1908.)

Nos. 790, 791, 792, 793, 794, 795.

1. BANKRUPTCY (§ 449*)—ADJUDICATION AFTER JURY TRIAL—MODE OF REVIEW.
An adjudication of bankruptcy following a jury trial and based on the verdict of the jury is reviewable only on writ of error as in an action at common law.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 449.*
Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 91*)—ADJUDICATION—SUFFICIENCY OF EVIDENCE.
Evidence held to sustain the verdict of a jury finding that an alleged bankrupt committed an act of bankruptcy by making a general assignment both individually and as a member of a partnership.
[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 91.*]

Appeals from and in Error to the District Court of the United States for the District of Massachusetts.

John P. Leahy, for appellant and plaintiff in error.

Edward F. McClennen (Brandeis, Dunbar & Nutter and J. Butler Studley, on the brief), for appellees and defendants in error Allen-Lane Co., Francis A. Foster, Holyoke Nat. Bank, and Charter Oak Nat. Bank.

Jeremiah Smith, Jr., for appellees and defendants in error George S. Rosencrantz, Melville L. Cobb, and other petitioning and intervening creditors.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. The Allen-Lane Company filed a petition in bankruptcy against Patrick Lennox and James T. Lennox, doing business as copartners under the firm name of P. Lennox & Co. The act of bankruptcy alleged was a general assignment executed by both Patrick and James, which set out the existence of the partnership and assigned both partnership and individual property. James made no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

substantial defense, and is not concerned with the case at bar. Patrick pleaded (1) that he did not commit an act of bankruptcy, but was induced to sign the general assignment fraudulently and without knowledge of its contents or legal effect, so that the same was void as far as he was concerned; (2) that he was not a partner of James T. Lennox or interested in the business carried on under the name of P. Lennox & Co. He claimed a jury trial in respect of the questions concerning which he was entitled thereto. The case was tried to a jury upon the following issue: "Did Patrick Lennox, individually and as copartner in the firm of P. Lennox & Co., consisting of himself and James T. Lennox, on or about September 5, 1907, make a general assignment for the benefit of creditors of said copartners and of said firm" to the assignee named in the above-mentioned instrument? The petitioners introduced the assignment and rested. Patrick took the stand in his own behalf, and called as witnesses James T. Lennox and Nutter, the common-law assignee. They testified concerning the circumstances of Patrick's signature. Upon this evidence, the court directed the jury to find upon the issue in the affirmative, and to this direction Patrick duly excepted. He sued out a writ of error to this court, No. 791. now before us, and brought an appeal, No. 790, from the adjudication which followed the verdict of the jury.

In Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200, the Supreme Court held that a trial by jury under the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) concerning the bankruptcy of a respondent is a trial according to the course of the common law; that the court of bankruptcy cannot enter judgment contrary to the verdict, and that the verdict may be set aside or the judgment reversed by an appellate court only upon writ of error, as in an action at common law. Hence No. 790, being the appeal of Patrick from the adjudication of bankruptcy, must be dismissed.

Coming to the writ of error, No. 791, we find no error of law in the course of the trial. We have before us all the evidence which was before the jury, and it did not warrant a negative answer to the question at issue. Patrick signed the general assignment, which described him as a member of the partnership, and purported to convey to Nutter both partnership and individual property. Nutter came to him with a letter from James T. Lennox, asking Patrick to sign a document which was handed to Patrick by Nutter. Nutter told Patrick that the paper was an assignment. Patrick did not read it because "it looked like a good deal of a job for me to read it, so I didn't read it." He said that he did not know that he was assigning to Nutter all his assets. This falls far short of establishing the fraud and ignorance which Patrick set up in his pleadings, and the learned judge of the District Court was right in directing an affirmative answer to the question proposed to the jury. That question included all the elements needed to establish the bankruptcy of Patrick Lennox, and also his partnership in the firm of P. Lennox & Co.

From the record in No. 790 it appears that there was dispute concerning the tribunal which should try the issue of partnership or no

partnership. Counsel for Patrick contended that this issue should be determined by a jury. The learned judge directed an inquiry by the referee, who found that Patrick was a partner, and this finding was confirmed by the judge. Patrick contends that he was entitled to a jury trial upon the issue of partnership or no partnership. Notwithstanding that the District Court had passed upon this issue on the report of the referee made as above stated, it subsequently took thereupon the verdict of the jury, which expressly found that Patrick was a partner. This finding was based upon evidence which warranted no other conclusion. The proceedings had before the referee concerning the partnership issue may therefore be disregarded.

Inasmuch as adjudication of bankruptcy has correctly passed against Patrick Lennox, both as partner and as individual, under the Allen-Lane petition, we need not discuss the other petitions filed against him. So far as No. 793, Lennox v. Rosencrantz, and No. 795, Lennox v. Cobb, present issues not already dealt with, they raise merely moot questions. Two other appeals, No. 792, Lennox v. Rosencrantz, and No. 794, Lennox v. Cobb, will be dismissed for the reasons stated in our opinion concerning No. 790.

In No. 790, the appeal is dismissed without costs.

In No. 791, the judgment of the District Court is affirmed, and the defendants in error recover their costs in this court.

In No. 792, the appeal is dismissed without costs.

In No. 793, the judgment of the District Court is affirmed, and the defendants in error recover their costs in this court.

In No. 794, the appeal is dismissed without costs.

In No. 795, the judgment of the District Court is affirmed, and the defendants in error recover their costs in this court.