### In re WINDT.

(District Court, D. Connecticut. March 24, 1910.)

No. 2,285.

1. ATTACHMENT (§ 184*)—VACATION—GIVING OFFICER'S RECEIPT.
    The giving of an officer's receipt for attached property does not discharge the attachment lien under the Connecticut law.
    [Ed. Note.—For other cases, see Attachment, Cent. Dig. § 587; Dec. Dig. § 184.*]

2. BANKRUPTCY (§ 59*)—"ACT OF BANKRUPTCY"—SURETY—FAILURE TO DISSOLVE.
    An attachment having been levied on the property of an alleged bankrupt, petitioner's intestate executed an officer's receipt and obtained the property as the debtor's surety, which he then delivered to the debtor, tak-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing a mortgage note as security. After waiting until four months from the date of attachment had almost expired, the surety filed a petition in bankruptcy against the debtor, because he had not removed the attachment. *Held*, that the debtor's failure did not constitute an "act of bankruptcy," within Bankr. Act July 1, 1898, c. 541, § 3, par. "a," subd. 3, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), in that the debtor suffered or permitted, while insolvent, a creditor to obtain a preference through legal proceedings, and not having, at least five days before a sale or final disposition of the property affected by such preference, vacated or discharged the same; it not appearing that there had been any sale or final disposition of the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 81, 82; Dec. Dig. § 59.*

For other definitions, see Words and Phrases, vol. 1, p. 118; vol. 8, p. 7562.]

3. BANKRUPTCY (§ 76*) — ACTS OF BANKRUPTCY — INVOLUNTARY PETITION — BANKRUPT'S SURETY.

A surety for a debtor in attachment, having executed an officer's receipt, cannot force the debtor into bankruptcy because he permitted four months, lacking five days, to expire without removing the attachment lien, under the rule that one cannot force another into bankruptcy by the use of alleged debts which, by operation of law, would be extinguished by the adjudication, since an adjudication against the debtor would dissolve the attachment lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 100; Dec. Dig. § 76.*]

In the matter of bankruptcy proceedings against Jacob Windt. Petition for adjudication dismissed.

Kenealy & Keating, for petitioners.
Clement A. Fuller, for Childs.
Louis J. Curtis, for Fleissner.

PLATT, District Judge. The facts set forth in the petition, tersely epitomized, are as follows:

On June 16, 1909, Jacob Windt, the respondent, was doing business as a bottler in Darien, Conn. One Childs sued him on a claim of $8,000, and attached all the personal property used by him in his business on a writ returnable to the September term of the superior court in Fairfield county.

Martin J. Gray, since deceased, and now represented by his administrator, John F. Gray, obtained the property from the attaching officer by entering into the usual joint and several obligation on the part of himself and Windt to keep said attached property at their risk and expense and to deliver the same in good order on demand, and in case of failure so to do to pay the sum of $2,500, or as much thereof as should be recovered in the suit of Childs v. Windt. This contract is one well understood in our state law, and is commonly known as an "officer's receipt."

Gray then delivered the property back to Windt, taking a mortgage note for $2,500 to secure himself. He then waited until four months from the date of the attachment had almost expired, and on October 16, 1909, brought this petition, in which he insists that both note and officer's receipt represent provable debts, which can be used as the

basis for preferring a charge against Windt that he had given a preference to Childs by permitting the attachment and not removing it before it had rested long enough to have become perfected into a lien which would be valid as against the trustee after adjudication.

The question is practically this: Can one who helps a debtor out by acting as surety for him on an officer's receipt force him into bankruptcy, because he takes no further action about the attachment, and by his inaction has permitted the four months to have come within five days of expiring? The demurrer proceeds mainly on the grounds that he had no provable debts and that the giving of the receipt acted as a removal of the lien upon the property. I do not think that the second ground of demurrer is effective, because under our state law I do not understand that an officer's receipt vacates or discharges the attaching lien.

As to the first ground, it appears that the act of bankruptcy which the petitioners attempt to take advantage of is subdivision 3 of paragraph "a" of section 3 (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]), viz.:

"Suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference."

In the first place, I am not satisfied that it appears by the petition that any "sale or final disposition" of the property attached had been arranged for at the time the petition was brought. The preference, therefore, had not gotten into such a situation that it was the duty of Windt, under the subdivision invoked, to vacate or discharge it, and of course he could not commit the act of bankruptcy until such a situation actually existed. Indeed, the petitioners admit that there was not to be any sale, and as to "final disposition" there was not such a state of things as, in my opinion, the Congress intended to cover by the language of said subdivision.

But, leaving these considerations aside, and taking the case as presented and argued upon the demurrer, it seems clear that an adjudication upon this petition would dissolve the Childs attachment lien. With such dissolution would disappear also the obligation of the administrator's decedent to respond to the officer on the receipt, and the mortgage note given to secure him from loss thereby would fail for lack of consideration.

I do not think that one can force another into bankruptcy by the use of alleged debts, which by operation of law will be extinguished, and therefore not provable, the instant the adjudication exists.

Let the petition be dismissed, with costs.