In re PRESSED STEEL WAGON GOODS CO.

(District Court, W. D. Michigan. November, 1911.)

Bankruptcy (§ 81*)—Act of Bankruptcy—Involuntary Petition.

Bankr. Act July 1, 1898, c. 541, § 3a, cl. 3, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), provides that acts of bankruptcy shall consist of the alleged bankrupt having suffered or permitted, while insolvent, any creditor to obtain a preference, and not having, within five days before a sale of property affected by such preference, vacated or discharged the same. Held that, since an involuntary petition stating the act of bankruptcy in the language of the statute is insufficient, but a statement with particularity of the facts or elements which constitute the alleged act of bankruptcy is required, a petition alleging that the alleged bankrupt suffered the recovery of a judgment against it, and had not, "at least five days before a sale or final disposition of any property affected by such preference, vacated or discharged the same," without alleging the issuance of an execution on the judgment, or the levying thereof on any property of the judgment debtor, and making no allegation of the date of any proposed sale under the judgment, was insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 118; Dec. Dig. § 81.*]

In the matter of bankruptcy proceedings against the Pressed Steel Wagon Goods Company. On demurrer to a petition in involuntary bankruptcy for failure to sufficiently allege an act of bankruptcy. Sustained.

George M. Valentine and James O'Hara, for petitioners.
Stratton and Evans, for alleged bankrupt.

SESSIONS, District Judge. The petition in this case is filed by two of the creditors of the Pressed Steel Wagon Goods Company to have that company adjudicated a bankrupt, and in such petition the alleged act of bankruptcy is set forth as follows:

"That within four months preceding the filing of this petition, viz., on the 5th day of April, 1911, the said Pressed Steel Wagon Goods Company, while insolvent, committed an act of bankruptcy, in that it suffered and per-

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mitted, while insolvent, one Frank. A. Hecht, a creditor, to obtain a prefer- ence through legal proceedings, to wit, permitted the said Hecht to obtain a judgment against the said Pressed Steel Wagon Goods Company in the circuit court for the county of Berrien, in the state of Michigan, in the sum of six thousand nine hundred ninety and 76/100 dollars ($6,990.76), together with costs to be taxed, and the said Pressed Steel Wagon Goods Company not having, at least five days before a sale or final disposition of any property affected by such preference, vacated or discharged such preference."

The Pressed Steel Wagon Goods Company files a demurrer to this petition upon the ground that it does not sufficiently allege an act of bankruptcy.

It is apparent that the petitioners have sought to bring themselves within the provisions of clause 3 of section 3a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]), which is as follows:

"Acts of bankruptcy by a person shall consist of his having (1) * * * (2) * * * or (3) suffered or permitted, while insolvent, any creditor to ob-' tain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference."

Manifestly this petition does not set forth an act of bankruptcy unless it can be said that an allegation in the general language of the statute is sufficient. The only specific fact averred is the rendition of a judgment against the alleged bankrupt and in favor of one of its creditors for a certain amount and upon a date named. There is no averment of the issuance of an execution upon such judgment, or of the levying thereof upon any property of the judgment debtor. The petition is silent upon the subject of the sale of any property or a notice of such sale. No property affected by such judgment, or any preference thereby created, is described. No date of sale, or pro- posed sale, is specified. In short, except as to the judgment itself, the allegations of the petition with respect to any act of bankruptcy are mere conclusions, rather than averments of particular facts from which such conclusions could be inferred, or upon which they could be based. If it is necessary to state with particularity the facts or elements which constitute the alleged acts of bankruptcy, this petition is wholly insufficient, because as said by Judge Archbald (In re Vast- binder [D. C., Pa.] 11 Am. Bankr. Rep. 118, 126 Fed. 417–420) con- cerning a petition much fuller and more complete than the one here under consideration:

"It is not the mere obtaining of a judgment and levying execution on the property of the debtor while insolvent that makes him liable as a bankrupt, but the failure on his part, within five days before a sale or final disposi- tion of the property levied on, to have the same vacated or discharged; and there is nothing of that kind alleged here. All that is stated is that judg- ments were obtained and executions levied, but what became of them is not shown. The vital point in the charge is thus left out, and as to this the demurrer is well taken." See also, Collier on Bankruptcy, p. 76; Seaboard Steel Casting Co. v. Williams R. Trigg Co. (D. C., Va.) 10 Am. Bankr. Rep. 594, 124 Fed. 75–76–77; In re Rome Planing Mill (D. C., N. Y.) 3 Am. Bankr. Rep. 123, 96 Fed. 812, 814, 815; In re Vetterman (D. C., N. H.) 14 Am. Bankr. Rep. 245, 135 Fed. 443.

Upon both reason and authority the petition must state the particular facts which, under the statute, constitute the claimed act of bankruptcy. The respondent in these proceedings has the right to be informed of the exact charge made against him which he is to be called upon to meet, and, if he so demands, is entitled to a trial of the issue thus presented by the court or a jury. An averment couched in the very general language of the statute conveys no such information and presents no triable issue, and therefore is insufficient. Pittsburgh Laundry Supply Co. v. Imperial Laundry Co. (C. C. A., 3d Cir.) 18 Am. Bankr. Rep. 756, 154 Fed. 662, 83 C. C. A. 486; In re White (D. C., Pa.) 14 Am. Bankr. Rep. 241, 135 Fed. 199; In re Hark (D. C., Pa.) 14 Am. Bankr. Rep. 400, 135 Fed. 603; In re Chapman (D. C., Ga.) 3 Am. Bankr. Rep. 607, 99 Fed. 395–397; In re Nelson (D. C., Wis.) 2 Am. Bankr. Rep. 556, 98 Fed. 76, 77; Conway v. German (C. C. A., 4th Cir.) 21 Am. Bankr. Rep. 577, 166 Fed. 67, 91 C. C. A. 653.

In Re Hark, supra, Judge Holland has very tersely stated the rule:

"The manner of setting forth the specifications of acts of bankruptcy in involuntary petitions, and specifications of acts of the discharge of bankrupts, are very fertile sources of contention as to the sufficiency of these specifications, and a definition of 'sufficiency' cannot be framed as a certain guide to be followed in all cases. There is one rule, however, followed by all the courts—that allegations of acts of bankruptcy in a petition in the language of the act, without setting forth any other facts or circumstances, are insufficient. An act of bankruptcy specified in section 3 must be set forth in a petition showing that the bankrupt committed an act of bankruptcy, as defined in that section, in language to state a triable issue, and to give notice to the alleged bankrupt as to what he will be expected to meet."

In their memorandum brief, and at the hearing, counsel for petitioners have claimed the right to amend the petition in case of a finding that it is insufficient in its present form. No formal application for leave to amend has been made, and the requirements of the rule in that regard have not been complied with. Therefore the question of amendment is not properly before the court at this time. However, petitioners will be permitted to apply in proper form and manner for leave to amend their petition at any time within 15 days from this date.

The demurrer will be sustained, and, unless application is made for leave to amend within the time above limited, the petition will be dismissed.