CITIZENS' BANKING CO. v. RAVENNA NAT. BANK et al.

FIRST NAT. BANK OF FREMONT v. SAME.

(Circuit Court of Appeals, Sixth Circuit. June 6, 1912.)

Nos. 2,193, 2,194.

BANKRUPTCY (§ 59*)—ACTS OF BANKRUPT.

Whether merely permitting an execution levy on real estate to remain undisturbed for 3 months and 29 days is an act of bankruptcy, quære.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 81, 82; Dec. Dig. § 59.*]

Appeals from the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

In the matter of bankruptcy proceedings of Cora M. Curtis. The Ravenna National Bank having filed a petition in bankruptcy against the alleged bankrupt, she answered, admitting that she was insolvent, and that she was willing to be adjudged a bankrupt on the ground afforded by her answer, but while her previous demurrer was pending the First National Bank of Fremont, one of the preferred creditors. excepted and demurred to the petition and the Citizens' Banking Company, another preferred creditor, though in default, tendered for filing an answer denying that the bankrupt had committed any act of bankruptcy. From an order of adjudication the First National Bank of Fremont and the Citizens' Banking Company prosecute separate appeals. Case certified to Supreme Court for the determination of certified questions.

G. R. Craig, of Norwalk, Ohio, and E. R. Rhoades, Jr., of Toledo, Ohio, for appellants.

J. W. Schaufelberger, of Toledo, Ohio, for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. In these cases the controlling question seems to be whether Cora M. Curtis, the alleged bankrupt, committed an act of bankruptcy under the provisions of section 3a(3) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]), in that a creditor obtained a judgment and execution and levied upon her real estate, and in that for a period of three months and 29 days Mrs. Curtis did nothing. More specifically, the question is whether the fact that an execution levy will or may, upon the expiration of four months from its date, ripen into a lien unassailable in bankruptcy proceedings resting upon a petition filed after the expiration of such four months, constitutes a "final disposition" of the property within the meaning of this section.

On the one hand, it is argued that, to the extent of the lien, an interest in the property is "finally" fixed, as against a subsequent trustee in bankruptcy, and that any construction of this section which would permit such liens to become thus fixed would tend to defeat the full accomplishment of the general intent to put upon the same plane all creditors of insolvents, which general intent is clearly manifested by other portions of the act. It is said, also, that the reported decisions tend to the effect that this situation does create an act of bankruptcy. Re Tupper (D. C.) 163 Fed. 766; Re Putman (D. C.) 193 Fed. 464; s. c. on appeal, 194 Fed. 793, 114 C. C. A. 513; but see Re Vetterman (D. C.) 135 Fed. 443; Re Windt (D. C.) 177 Fed. 584; Re Crafts-Riordon Shoe Co. (D. C.) 185 Fed. 931.

On the other hand, the argument runs as follows: The mere fact that a lien upon the property becomes so fixed as to be unassailable by a subsequent bankruptcy trustee does not from all points of view amount to a "final disposition" of the property by the execution debtor. The property still remains hers, subject to be sold or otherwise finally

disposed of by her, with due regard to the existence of the lien. Indeed, the continued existence of the lien is uncertain as against the debtor, for the judgment may be set aside upon motion for a new trial or by a reviewing court. So, too, the section covers attachment liens as well as execution liens (Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122), and attachment liens are often, if not usually, subject for a much longer period than four months to defeasance by the ordinary incidents of procedure, as by a motion to dissolve, or by a failure by the plaintiff to recover judgment. How, then, counsel argue, can it be said that the undisturbed existence of an attachment lien for four months has accomplished a "final disposition" of the property? It is further urged that it seems to be a substantial theory of the present bankruptcy law, differing in this particular from the law of 1867, that an insolvent person should not be, against his will, forced into bankruptcy merely because he does not pay his debts, and that there seems to be in the new law an underlying intent that mere nonpayment shall not be an act of bankruptcy; but if, however, an execution is issued and levied on the property of an insolvent person and the indebtedness is admitted or established, there is, outside of the bankruptcy law no possible way for the debtor to "vacate or discharge" the levy, except by payment, and he is, although hopeful for the future, wholly unable at present to pay, and he cannot in any way vacate the levy, except by filing a voluntary petition in bankruptcy. In other words, only by filing the voluntary petition and committing an act of bankruptcy can he avoid becoming subject to adjudication as a bankrupt under this section; or, in still other words, the only way to avoid committing an act of bankruptcy is to commit one. Counsel concede that this seeming anomaly does arise five days before the execution sale under a judgment voluntarily confessed (Wilson v. Nelson, 183 U. S. 191, 198, 22 Sup. Ct. 74, 46 L. Ed. 147), but say that this arises from the necessity of the very words of the statute, and that in such case the debtor has enjoyed the full term of grace extended by the law, as he had in Bogen v. Protter, 129 Fed. 533, 64 C. C. A. 63.

The petition does not attempt to state a case under section 3a(1), so that we cannot consider any question of actual intent to "hinder, delay or defraud," or whether the facts stated would justify inferring such intent.

Balancing these recited, as well as other considerations bearing upon the correct interpretation of this statute, we find ourselves unable to reach a satisfactory conclusion, and we have accordingly decided to certify the question to the Supreme Court. These two cases involve the same point, and one will be certified while the other remains pending in this court. The certificate will be as follows:

On the hearing of this cause, questions arose for the proper decision of which this court desires the instruction of the Supreme Court. The facts upon which the questions arise are as follows:

August 10, 1908, the Ravenna National Bank filed in the United States District Court for the Northern District of Ohio its petition in bankruptcy against Cora M. Curtis. The petition included every allegation necessary to require an adjudication of bankruptcy, unless upon

the point whether the defendant had committed an act of bankruptcy, and upon this subject its sole allegation was as follows:

"That the said Cora M. Curtis is insolvent, and that within four months next preceding the date of this petition she committed the following acts of bankruptcy, to wit:

"(a) On April 9, 1908, the respondent suffered and permitted the Citizens' Bank of Norwalk, Ohio, to recover a judgment against her for $1,598.78 and costs by the consideration of the common pleas court of Erie county, Ohio. That on April 9, 1908, execution was issued and levied on the real estate owned by respondent in Norwalk, Ohio. That subsequently said execution was levied on the real estate of respondent in Toledo, Ohio.

"(b) That on or subsequent to April 9, 1908, the respondent suffered and permitted the First National Bank of Fremont, Ohio, to recover a judgment against her for $3,034.66 and costs, by the consideration of the same court. That on April 11, 1908, an execution was issued thereon and levied on the real property of respondent which was situated in Norwalk, Ohio. That shortly thereafter an execution on said judgment was levied on the real property of respondent which is situated in Toledo, Ohio.

"(c) That the said respondent suffered the Huron County Banking Company, of Norwalk, Ohio, to recover a judgment against her for $3,678.12 and costs, by the consideration of the same court, said judgment having been rendered subsequent to April 9, 1908. That on April 16, 1908, an execution on said judgment was duly issued and levied on the real estate of respondent. That by the acts of bankruptcy aforesaid the respondent suffered and permitted the three judgment creditors above mentioned to obtain preferences. That respondent has not, at any time, vacated or discharged said preferences or any part thereof."

To this petition respondent demurred, but later withdrew her demurrer and filed an answer admitting that she was insolvent at the time of filing the petition and stating her willingness to be adjudged a bankrupt "on the ground afforded by this answer." While her demurrer was pending, the First National Bank, of Fremont, one of the alleged preferred creditors, filed its paper, saying that it—

"herewith excepts and demurs to the petition filed herein, for the reason that the same is wholly insufficient in law, and that the same discloses no act of bankruptcy committed by the said respondent."

During the same time the Citizens' Banking Company, another alleged preferred creditor, being in default, tendered, for filing, its answer, in which it alleged the rendition of its judgment as stated in the petition, and that the judgment was in full force and wholly unsatisfied, and denied that the respondent, Cora M. Curtis had committed any act of bankruptcy, and averred that the petition disclosed no act of bankruptcy committed by the respondent.

No other interested person appearing, the matter came on to be heard on the pleadings, and the District Court, being of the opinion that the petition alleged an act of bankruptcy not denied by the answer tendered, overruled the demurrer, refused to permit the answer to be filed, and made the usual order of adjudication in bankruptcy. From this order the First National Bank of Fremont and the Citizens' Banking Company appealed to the Circuit Court of Appeals.

Upon the facts above set forth, the questions of law concerning which this court desires the instructions of the Supreme Court are as follows:

(1) Whether the failure by an insolvent judgment debtor, and for a period of one day less than four months after the levy of an execu-

tion upon his real estate, to vacate or discharge such levy, is a "final disposition of the property" affected by the levy, under the provisions of section 3a(3) of the Bankruptcy Act of 1898.

(2) Whether an insolvent debtor commits an act of bankruptcy, rendering him subject to involuntary adjudication as a bankrupt under the Bankruptcy Act of 1898, merely by inaction for the period of four months after the levy of an execution upon his real estate.

In accordance with the provisions of section 239 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1157 [U. S. Comp. St. Supp. 1911, p. 228]) the foregoing questions of law are, by the Circuit Court of Appeals of the United States, Sixth Circuit, hereby certified to the Supreme Court.