### BRADLEY et al. v. HUNTINGTON et al.

(Circuit Court of Appeals, Second Circuit. December 14, 1921.)

No. 58.

1. Bankruptcy ⬥467—After jury trial on issue of bankruptcy, only questions of law can be reviewed.

On writ of error to an order adjudicating plaintiff in error an involuntary bankrupt, entered after a trial by jury demanded by him, the appellate court is limited to errors of law alleged; the verdict being binding as to all questions of fact, including the insolvency of the bankrupt.

2. Bankruptcy ⬥81(4)—Petition alleging preference to creditors in statutory language is insufficient, but amendable.

A petition in involuntary bankruptcy, alleging on information and belief that the alleged bankrupt, while insolvent, made payments to certain of his creditors unknown to petitioners, with intent to prefer such creditors over his other creditors, which was substantially in statutory language, is insufficient, but amendable.

3. Bankruptcy ⬥81(4)—Defect in petition held not jurisdictional.

The defect in a petition in involuntary bankruptcy, which alleged preferences to creditors generally in the language of the statute, was not

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

jurisdictional, but would uphold an adjudication, if true, or admitted by default, so that a motion equivalent to a special demurrer under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) would have been granted, with leave to amend.

**4. Bankruptcy ⊂⇒22—Equity rules are of limited application.**

The equity rules are of limited application in bankruptcy, but they furnish a guide to procedure, though bankruptcy cannot do everything that equity does, and need not do it exactly the same way.

**5. Bankruptcy ⊂⇒81(1)—Bankrupt cannot, during trial, seek dismissal for amendable defect in petition.**

A bankrupt, who has demanded a jury trial, which has been entered on, cannot during its course seek for a dismissal of the petition because of a defect therein, which could have been cured by amendment, but is entitled only to such relief as would insure fairness in trying the issues.

**6. Bankruptcy ⊂⇒81(4)—Bankrupt's rights against defective petition cured by requiring bill of particulars.**

Where a petition in involuntary bankruptcy was defective for alleging preferences to creditors only generally, the bankrupt's right to a fair trial of the issues was secured for him on his motion to dismiss for defects in the petition, made during the course of the jury trial of the issue in bankruptcy, by granting a postponement of the trial and requiring petitioners to file bill of particulars.

**7. Courts ⊂⇒347—Bills of particulars may be ordered in equity suit in federal court.**

In the Second circuit, bills of particulars in equity suits have been freely ordered and are common practice.

In Error to the District Court of the United States for the Southern District of New York.

Involuntary proceedings in bankruptcy by Frederick R. Huntington and others against William Bradley, in which the Commercial Trust Company of New York appeared as answering creditor. There was an order adjudicating William Bradley a bankrupt, after a trial before a jury, demanded by said Bradley, and the bankrupt and answering creditor bring error. Affirmed.

Henry A. Forster and Thomas Henry Keogh, both of New York City, for plaintiff in error Bradley.

Deiches & Goldwater, of New York City (Maurice Deiches and Francis L. Driscoll, both of New York City, of counsel), for plaintiff in error Commercial Trust Co.

Olcott, Bonynge, McManus & Ernst, of New York City (Irving L. Ernst and Saul S. Myers, both of New York City, of counsel), for defendants in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. [1] Bradley, as the adjudicated bankrupt, and Commercial Trust Company, as an answering creditor, have brought this writ, complaining of errors alleged to have been committed to their prejudice during the jury trial, asserting that this procedure is their remedy under Grant, etc., Co. v. Laird Co., 203 U. S. 502, 27 Sup. Ct. 161, 51 L. Ed. 292; and their only remedy under Lennox v. Allen-Lane Co., 167 Fed. 114, 92 C. C. A. 566, certiorari

denied 214 U. S 512, 29 Sup. Ct. 694, 53 L. Ed. 1062. Consequently our function is limited to consideration of the errors of law alleged; the verdict binds us as to all questions of fact, including of course the insolvency of Bradley.

The petitioning creditors (defendants in error here) allege in their petition the second and third acts of bankruptcy; i. e., transfer with intent to prefer, and permitting a creditor to obtain a preference by legal proceeding. As the trial court dismissed so much of the petition as rested upon the supposed commission of the third act of bankruptcy, we are not here concerned with it.

The act of bankruptcy as to which verdict was found was thus pleaded in the petition:

"Upon information and belief that at various times during the months of July, August, September, and October, 1918, said William Bradley, while insolvent, made payments to certain of his creditors with intent to prefer such creditors over his other creditors. That the names of such creditors are at present unknown to your petitioners."

Both Bradley and the answering creditor (Farson) answered, denying absolutely this allegation. More than two years after the issue was thus framed it was (pursuant to the demand of defendants) tried before a jury. After trial begun and considerable evidence given, and the court had held that the proof offered in support of the third act of bankruptcy was insufficient, the plaintiffs in error here moved to dismiss the petition because the allegations above quoted as to the second statutory act of bankruptcy "were insufficient * * * and too indefinite and uncertain (a foundation) upon which to prove or attempt to prove any act of bankruptcy."

This motion was denied, but the court directed the petitioners to file and serve a bill of particulars and adjourned the trial for a week in order that this might be done. It was done, the defendants in error here not pleading surprise; and the verdict sufficiently indicates that the particulars were proven. It is now assigned for error that the trial court was bound as matter of law to grant the motion as made, and had no right to cure, or attempt to cure, the situation by ordering a bill of particulars.

[2] The pleading complained of was substantially in the words of the statute, and was plainly insufficient under In re Condon, 209 Fed. 800, 126 C. C. A. 524. But it was amendable. Armstrong v. Fernandez, 208 U. S. 324, 28 Sup. Ct. 419, 52 L. Ed. 514.

[3] Further, the defect in the pleading or petition was not jurisdictional; i. e., the allegations, if true or admitted by default, would uphold an adjudication. Undoubtedly, if a motion (equivalent to a special demurrer) had been made under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), it would have prevailed, but with leave to amend. Therefore the questions here are whether plaintiffs in error could make their motion when they did, and (assuming that they could) whether the court gave them lawful relief by ordering a bill of particulars.

[4] The equity rules are of limited application in bankruptcy (In re Hughes [C. C. A.] 262 Fed. 500), yet they furnish a guide to pro-

cedure, and this was just as true before the promulgation of the present equity rules as it is now. It is a practical application of the maxim that bankruptcy is equity, which does not mean that bankruptcy can do everything that equity does, or must always do it in exactly the same way. There could not be a better example of this than the rulings first above cited in respect of jury trials demanded as of right by alleged bankrupts.

[5] Whether motions in the nature of special demurrers and directed against amendable error, and not against jurisdictional defects, can be made after answer filed (In re Mason, etc., Co. [D. C.] 235 Fed. 974; In re Connecticut Brass, etc., Co. [D. C.] 257 Fed. 445), is a matter not necessary to decision in this case. But that a defendant after entering upon the trial of an issue framed by his own answer can insist upon dismissal for a nonjurisdictional defect in his opponent's pleading is a proposition that cannot be sustained. As was said in Leidigh v. Stengle, 95 Fed. 637, 37 C. C. A. 210, under any system of pleading a plea to the merits waives all formal or modal matters. Cf. Green River, etc., Bank v. Craig (D. C.) 110 Fed. 137; In re Cliffe (D. C.) 94 Fed. 354. The absence of specifications or particulars in the petition here complained of was perhaps more than "modal"; but it was not jurisdictional, and was amendable, and therefore at no stage of the proceedings were the defending parties entitled to more than relief by amendment, and after trial begun, they were entitled to no other relief than such as would insure fairness in trying the issue made by themselves.

[6, 7] Such fairness was fully secured by taking an adjournment and ordering a bill of particulars. Some objection is made to the effect that, since bankruptcy is equity, equity does not know a bill of particulars. This is merely wrong; in this circuit for many years bills of particulars in equity suits have been freely ordered and are common practice.

No other error assigned is thought to require consideration.

The decree of adjudication is affirmed, with costs.