## PARMENTER MFG. CO. v. STOEVER et al.

(Circuit Court of Appeals, First Circuit. October 25, 1899.)

### No. 295.

ACT OF BANKRUPTCY—TIME OF FILING PETITION.

Under Bankr. Act 1898, § 3, cl. 3, the act of bankruptcy is in the failure to vacate the execution five days before the sale or other disposition of the property seized on the execution, and the four months period runs from that date; and this is irrespective of the question whether the attachment in the suit in which the execution was issued was made in season to give the attaching creditor a valid lien.

Appeal from the District Court of the United States for the District of Massachusetts.

Ernest I. Morgan and Ralph A. Stewart, for appellant.

Henry E. Cottle and Joseph W. Spaulding, for appellees.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. This is an appeal from a judgment of the district court for the district of Massachusetts adjudging the appellant a bankrupt. The appeal is provided for by section 25 of an act to establish a uniform system of bankruptcy throughout the United States, approved July 1, 1898 (30 Stat. 553). The adjudication was based on clause 3 of section 3 of the statute (30 Stat. 546), as follows:

"Or (3) suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference."

The proceedings on which the petition for an adjudication of bankruptcy relied were an attachment of the appellant's real and personal estate on the 5th day of July, 1898, by virtue of a writ issued from the superior court for the county of Essex, in the state of Massa-

chusetts, followed by a declaration containing two counts on promissory notes signed by the appellant, a judgment on default, entered on September 21, 1898, and an execution on which the attached property was seized on October 15, 1898, and sold on October 27th. The petition in bankruptcy was filed on February 1, 1899. This was more than four months after the attachment was made, but within four months from the times of seizure and sale on execution.

On the trial in the district court the appellant was duly adjudged bankrupt, and it seasonably and duly appealed to this court. The propositions submitted by the appellant are two: That the period of four months within which the petition might be filed dates from the day of the attachment, and not from the seizure or the sale on execution; and that the words "suffered or permitted," found in the statute which we have cited, must have a narrow, literal interpretation. We will first consider the latter proposition. In giving these words a narrow interpretation, the appellant refers only to the following portion of the statute cited, namely, "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings." It maintains that a corporation cannot file a voluntary petition in bankruptcy, and thus defeat legal proceedings, and that, therefore, as the appellant is a corporation, it cannot be said to have "suffered or permitted" what ensued from them. Regard, however, must be had to the whole of clause 3; and, in view of that, what the appellant "suffered or permitted" was the sale of its property through legal proceedings. This was clearly the true act of bankruptcy within the contemplation of the statute, although the statute is somewhat awkwardly expressed.

In like manner, as the failure to vacate the execution before the sale was the act of bankruptcy, it is clear that the four-months period runs, not from the attachment, but from a date connected with the proceedings after the judgment.

In order to prevent any misapprehension, we will add that the question whether or not the attaching creditor acquired a valid lien as against these proceedings in bankruptcy is not in issue on this appeal.

The judgment of the court below is affirmed, and the costs of appeal are awarded to the appellees.