## WHITE et al. v. BRADLEY TIMBER CO.

(District Court, S. D. Alabama. November 26, 1902.)

### No. 148.

**1. ACT OF BANKRUPTCY—FAILURE TO DISCHARGE LIEN—INTENT.**
Under Bankr. Act, § 3, cl. 3 [U. S. Comp. St. 1901, p. 3422], providing that acts of bankruptcy by a person shall consist of his having "(3) suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings," the intent of the insolvent is immaterial; and when an insolvent corporation fails to cause a preference by legal proceedings obtained by one creditor to be vacated or discharged by showing that the claim is illegal or unfounded, or by paying the debt, such insolvent commits an act of bankruptcy.

In Bankruptcy.

Fitts & Stoutz, for complainants.
Fred G. & C. L. Bromberg, for defendant.

TOULMIN, District Judge. A jury trial was demanded by the alleged bankrupt, which, under the charge of the court, resulted in a verdict finding that the company had committed an act of bankruptcy under clause 3 of section 3 of the bankrupt act [U. S. Comp. St. 1901, p. 3422], being the provision relating to preferences under legal proceedings. A motion was made by the defendant company to set aside the verdict on the ground that the court erred in giving the charge requested by the petitioners and in refusing the charges requested by the defendant. After due consideration of the motion and the argument submitted in its support the motion is denied.

A careful examination of the authorities satisfies me that the conclusion reached by me is sustained by a decided weight of authority. I cite, as sustaining that conclusion, the following: In re Reichman (D. C.) 91 Fed. 624; In re Moyer (D. C.) 93 Fed. 188; In re Ferguson (D. C.) 95 Fed. 429; In re Rome Planing Mill (D. C.) 96 Fed. 812; Manufacturing Co. v. Stoever (1st Cir.) 38 C. C. A. 200, 97 Fed. 330; Wilson v. Nelson, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. 147.

The principal end of the bankrupt law is to take into legal custody all the property and assets of a man who is unable to pay his debts for the purpose of making a fair and just distribution of them among his creditors. The theory is that when a man is unable to pay his just debts the property remaining to him rightly belongs to his creditors, and ought to be distributed ratably among them towards the satisfaction of their debts. In order to secure this purpose of the bankrupt law—that is, the ratable distribution of the property of an insolvent debtor among his creditors—no one creditor should be suffered or permitted to obtain a preference over the other creditors. If he is "suffered or permitted" to do so by the debtor's failure to vacate or discharge the preference, either by showing that the claim was illegal or unfounded or by paying the debt, the result is to leave the debtor as having committed an act of bankruptcy. The fact of such failure

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 82.

is, in contemplation of clause 3, § 3, of the bankrupt law, an act of bankruptcy.

It will be observed that the clause of the bankrupt law referred to says nothing about the bankrupt's intent to enable the creditor to secure a preference; neither does it use the word "procure," which might seem to imply that the debtor must take some part in bringing the preference about, as was the case under the bankrupt act of 1867. The actual results only are considered by the present act. The actual result attained by the creditor seems to be the dominant fact. The debtor's intent regarding the matter is wholly immaterial. In Re Rome Planing Mill, supra, the court said: "The debtor's intent is not made an ingredient. It is enough that the creditor has obtained a preference, and that the debtor has permitted it to remain undischarged. What was the debtor's intent regarding the matter is wholly immaterial."

In Manufacturing Co. v. Stoever, supra, the circuit court of appeals, in considering the proposition submitted by the appellant (the alleged bankrupt corporation), that the words "suffered or permitted" found in the statute must have a narrow, literal interpretation, said:

"In giving the words a narrow interpretation, the appellant refers only to the following portion of the statute cited, namely, 'suffered or permitted,' while insolvent, any creditor to obtain a preference through legal proceedings. It maintains that a corporation cannot file a voluntary petition in bankruptcy, and thus defeat legal proceedings, and that, therefore, as the appellant is a corporation, it cannot be said to have 'suffered or permitted' what ensued from them. Regard, however, must be had to the whole of clause 3; and, in view of that, what the appellant 'suffered or permitted' was the sale of its property through legal proceedings. This was clearly the true act of bankruptcy, within the contemplation of the statute, although the statute is somewhat awkwardly expressed."

Views contrary to those held by the authorities I have cited are to be found in the dissenting opinion in Wilson v. Nelson, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. 147, and in the opinion of the court in Duncan v. Landis (3d Cir.) 45 C. C. A. 666, 106 Fed. 839, opinion by Circuit Judge Gray, concurred in by District Judge Bradford, and dissented from in an opinion by Circuit Judge Dallas.

So far as I have been able to find, the only decision sustaining the contention of counsel for the defendant in this case is that of the circuit court of appeals of the Third circuit, in Duncan v. Landis, supra, (and that concurred in by two of the judges. only), and In re Nelson (D. C.) 98 Fed. 76. The last case was overruled by the decision of the United States supreme court. Wilson v. Nelson, supra.

An order will be made adjudicating the Bradley Timber Company a bankrupt, and granting said company five days in which to present a bill of exceptions and petition for appeal and review, as it may be advised.