## In re RUNG FURNITURE CO.

(Circuit Court of Appeals, Second Circuit. April 11, 1905.)

### No. 29.

BANKRUPTCY—ACTS OF BANKRUPTCY—SUFFERING OR PERMITTING PREFERENCE THROUGH LEGAL PROCEEDINGS.

The failure of an insolvent to discharge a preference obtained by a creditor by the recovery of a judgment and the levy of an execution thereunder at least five days before the sale of the property levied on constitutes an act of bankruptcy under Bankr. Act July 1, 1898, c. 541, § 3a, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], although no affirmative action was taken by the debtor to aid the creditor in securing such preference.

Appeal from the District Court of the United States for the Western District of New York.

F. D. Casey, for appellant.

Martin Clark, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Question is made as to the sufficiency of the proof that the corporation was insolvent in December, 1902. It is conceded that its liabilities aggregated $22,347.36. Its assets consisted of $18, deposited in bank, and merchandise, which subsequently sold under levy for $5,000. The appellant does not contend that such merchandise was worth more than $10,600. It also had uncollected book accounts of the face value of $22,000, but of which the manager of the company, who was familiar with the debtors and the accounts and the collections made on them, testified were worth at a fair valuation about $4,500. This showed a case of insolvency to the extent of over $7,000. The estimate of the manager is criticised, but no evidence to dispute its accuracy was introduced, nor did the appellant even bring out the items making up the $22,000, nor inquire as to the facts touching the individual debtors on which the witness had based his estimate. A prima facie case of insolvency was made out, and the special master correctly so found.

The important question in the case, to which argument has been more particularly directed, is as to the construction to be given to section 3a, Bankr. Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422, which reads:

"Acts of bankruptcy by a person shall consist of his having: * * * (3) Suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference."

In the case at bar an action upon commercial paper was brought by the bank against the furniture company, which interposed an answer and went to trial, the result being a judgment in favor of the bank. From this judgment an appeal was taken, but the judgment debtor did not attempt to stay execution and sale by giving security on appeal, as it might have done under the laws of New York. In consequence the stock of merchandise of the defendant was levied on and sold, thus securing a preference to the bank. The appellant contends that there must be some affirmative action on the part of the alleged bankrupt in aid of the recovery of judgment and sale thereunder in order to make out an act of bankruptcy. The first two courts of appeal before whom this question came differed as to the construction of the act. In the First Circuit it was held that the act of bankruptcy was in the failure to vacate the execution five days before the sale, and that what was thus "suffered or permitted" was the sale of the judgment debtor's property through legal proceedings. Parmenter Co. v. Stoever, 97 Fed. 330, 38 C. C. A. 200. In the Third Circuit, the Court of Appeals, by a divided court, reached the opposite conclusion in a case where judgment had been entered by a creditor upon a judgment note executed by the debtor years prior to the passage of the bankrupt act. Duncan v. Landis, 106 Fed. 839, 45 C. C. A. 666. When the same question came before the Supreme Court, it also divided five to four. Wilson v. Nelson, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. 147. The majority held that the act of 1898, unlike the prior bankrupt act, makes the result obtained by the creditor, and not the specific intent of the debtor, the essential fact; and that by failing to vacate or discharge the preference secured by the judgment within five days before sale of the property he confessed that he was hopelessly insolvent, and consented to the preference that he failed to vacate. The judgment in Wilson v. Nelson, however, was entered upon a warrant of attorney to confess judgment given by the debtor nearly 13 years before, of which the majority opinion says: "Being irrevocable and continuing in force, the debtor thereby, without any further act of his, 'suffered or permitted' a judgment to be entered against him." In view of this circumstance the appellant contends that the case last cited does not finally settle the question where no judgment note or similar document was voluntarily given by the debtor. Wilson v. Nelson has been twice considered by courts of appeal. In the Fifth Circuit it was held that, "If a bankrupt fails to discharge a preference obtained through legal proceedings within at least five days before the property affected by the preference is disposed of, that is an act of bankruptcy." Bradley Timber Co. v. White, 121 Fed. 779, 58 C. C. A. 55. In the Sixth Circuit it was held, the court citing from Wilson v. Nelson the statement that "the result obtained by the creditor, and not the specific intent of the debtor, is the essential fact," that "a debtor who does not pay a lawful debt when due, and stands by while his creditor secures a judgment against him and levies upon his property, certainly suffers and permits such judgment to be taken, levy

made, and preference thereby obtained." Bogen v. Protter, 129 Fed. 533, 64 C. C. A. 63. In neither of these cases had any judgment note or warrant of attorney been given. Uniformity in the administration of the bankrupt law is manifestly a desideratum for the mercantile community, as we suggested in Re Sagor, 121 Fed. 658, 57 C. C. A. 412, and we therefore, without entering into any independent discussion of the subject, concur with the views expressed in the two opinions last quoted from.

The decree is affirmed.