### In re NATIONAL HOTEL & CAFÉ CO.

(District Court, E. D Pennsylvania. June 21, 1905.)

No. 2,239.

ACTS OF BANKRUPTCY—PREFERENCE—LEGAL PROCEEDINGS.

Bankr. Act 1898, c. 541, § 3, cl. 3, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], declares that an act of bankruptcy shall consist of a person having suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged the same. *Held*, that the consummation of the act of bankruptcy under such section was not the date of an actual sale of the bankrupt's property under an execution, but that the act was completed five days before the day of such sale if at that time the bankrupt had failed to dissolve the levy.

In Bankruptcy. Sustaining demurrer to petition.

Robert J. Byron and John W. Speckman, for petitoners.
Henry P. Brown, for alleged bankrupt.

HOLLAND, District Judge. On May 3, 1905, an involuntary petition in bankruptcy was filed against the National Hotel &

Café Company, and subsequently amended so that the act of bankruptcy alleged is as follows:

"Your petitioners further represent that the said National Hotel & Café Company was on the 23d day of December, 1904, and now is, insolvent, and that within four months next preceding the date of this petition the said National Hotel & Café Company committed an act of bankruptcy, in that it did heretofore, to wit, on the 23d day of December, 1904, permit a judgment to be entered in the sum of $15,867.15 in favor of the Anheuser-Busch Brewing Association, entered in the court of common pleas No. 3 of Philadelphia county as of December term, 1904 (No. 1,564), and, after an execution had been issued on said judgment, did permit the sheriff of Philadelphia county to seize and levy upon personal property of it (the said National Hotel & Café Company) upon December 24, 1904, and the said National Hotel & Café Company permitted the sheriff, under said execution, to sell the said property on January 4, 1905, without causing the said execution and sale to be vacated, thereby suffering and permitting the said Anheuser-Busch Brewing Association to procure a preference through legal proceedings."

It will be seen that the intention of the petitioners is to charge the act of bankruptcy set forth in Bankr. Act July 1, 1898, § 3, cl. 3, (30 Stat. 546, c. 541 [U. S. Comp. St. 1901, p. 3422]), which reads as follows:

"Or (3) suffer or permit, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference."

It will also be noted that the petition does not allege that the act of bankruptcy was a failure on the part of the alleged bankrupt "to vacate or discharge a preference obtained through legal proceedings at least five days before a sale or final disposition of the property," but the allegation is that the bankrupt "permitted the sheriff under said execution to sell the said property on January 4, 1905, without causing the said execution and sale to be vacated; thereby suffering and permitting the said Anheuser-Busch Brewing Association to procure a preference through legal proceedings."

The reason on the part of the petitioners why they did not allege the act of bankruptcy to be a failure to vacate or discharge such preference obtained through legal proceedings at least five days before the sale or final disposition of the property arises from the fact that the petition in this case was presented and filed in this court more than four months after a date five days prior to the sale of this personal property, and if the act of bankruptcy was committed five days prior to the sale, which occurred on January 4, 1905, then the petition in this case would have been filed more than four months subsequent to the act of bankruptcy alleged. The question therefore to be determined is whether the act of bankruptcy was committed by the alleged bankrupt upon its failure to vacate or discharge the lien of the judgment five days prior to the sale, or on January 4, 1905, the date upon which the sale took place. It seems clear to me that it was the intention of Congress, in framing this clause, to fix the consummation of the act of bankruptcy at a period five days before a sale. If this were not so, and the act of bankruptcy is held not to have been consummated until a sale had taken place, creditors could not file involuntary petitions in

bankruptcy until after the property of the alleged bankrupt had been swept away by an execution. In other words, it seems to me that it was the intention to fix the consummation of the act of bankruptcy upon an alleged bankrupt five days before the day of sale, if at that time he had failed to lift a levy on his property. A petition can then be filed before the sale, and the property administered in bankruptcy for the benefit of all the creditors.

While this precise question has never been determined, so far as I have been able to ascertain, the reasonings in the following cases sustain the above conclusions: In re Aaron Meyers, 1 Am. Bankr. Rep. 1; Metcalf Bros. & Co. v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, 9 Am. Bankr. Rep. 36; Parmenter Mfg. Co. v. Stoever et al., 97 Fed. 330, 38 C. C. A. 200; Collier on Bankruptcy (5th Ed.) p. 42.

The act of bankruptcy in this case having occurred more than four months prior to the time the petition was filed, it is not necessary to consider the other grounds of demurrer.

The objection to the petition that it fails to allege an act of bankruptcy within four months of the time it was filed is sustained, and the petition is dismissed.