IN THE MATTER OF WILLIAM F. DESHA AND GEORGE W. WILLFONG, EACH IN HIS INDIVIDUAL CAPACITY AND AS PARTNERS COMPOSING THE PARTNERSHIP OF DESHA AND WILLFONG, ALLEGED BANKRUPTS.

May 27, 1913.

*Bankruptcy—Insolvency—Burden of proof:* The burden of proving solvency under section 3, clause "d" of the bankruptcy act, 30 Stat. 546, is not shifted from the alleged bankrupt to the petitioning creditors merely by reason of the fact that the respondent's books, papers, and accounts are in the custody of the marshal under an order to seize and hold.

*In Bankruptcy:* Petition for adjudication.

*C. S. Carlsmith* for petitioning creditors.

*C. W. Ashford* for respondents William F. Desha and the firm Desha and Willfong.

CLEMONS, J.   This is a creditors' petition for adjudication of bankruptcy of William F. Desha and George W. Willfong as individuals, and of the firm of Desha and Willfong, or as sometimes called in the papers herein "Willfong and Desha," which they compose.

The respondent Willfong is in default for want of answer or appearance.  The respondent Desha made an issue of the fact of insolvency both of himself and of the firm and demanded a jury trial thereof, which demand was waived on call of the case for hearing and the issue submitted to the present judge.

The allegation having been conceded at the hearing that there was a preference constituting an act of bankruptcy, to-wit, the suffering of a levy of execution on a judgment of the district court of South Hilo, without satisfying such execution at least five days before the sale thereunder, I shall raise no question as to that fact, though it now appears from the sheriff's return attached to the writ of execution placed in evidence by the creditors, that the sale was never consummated, but was adjourned from time to time because of the pendency of this bankruptcy proceeding, and finally the property seized under the execution was released therefrom for the same reason.  But the fact of an actual sale would seem to be immaterial in any event. *In re Rome Planing Mills,* 96 Fed. 812, 3 Am. B. R. 123; *Bogen & Trummel v. Protter,* 129 Fed. 533, 534, 12 Am. B. R. 288, 289-290; *In re National Hotel & Cafe Co.,* 138 Fed. 947, 15 Am. B. R. 69; 1 Remington, Bankruptcy, 123-124, sec. 141; 3 Id. 53-54, sec. 141; Collier, Bankruptcy, 9th ed., 96-97 and notes; also *In re Lederer,* 1 U. S. Dist. Ct. Haw. 288.

At the hearing, counsel for the petitioning creditors called the respondent Desha as a witness, and examined him as to his books of account; wherefrom it appeared that this respondent had made no effort to bring into court the books, papers and accounts either of himself or of his firm, and that, as he testified, "he left it in the hands of his lawyer and he did not advise asking anyone for the books." It appears, so far as the firm is concerned, that Desha was the mechanic of an automobile repair and supply business, and Willfong the bookkeeper and the only one who knew very much about the finances and affairs of the company. The court also takes judicial notice of its own special warrant to the marshal to seize and hold "all the estate, real and personal" of the respondents Desha and Willfong, and of the marshal's return showing the "attachment of the machine shop, garage and contents, of Willfong and Desha;" and although the return does not specify the seizure of books of account, that fact is inferable from a stipulation of petitioners and respondent Desha, giving this respondent and certain others access to the "books and accounts of said Desha or (and) of the partnership" for purpose of "inspection" and of taking "a trial balance of said books and accounts." Also, creditors' counsel has treated this as a fact, in his brief and oral argument. It does not appear where those books are, but it is practically conceded and may fairly be inferred from the record herein that they are with the other seized property in Hilo, on another island of this district some 200 miles away, and in charge of a special custodian representing the marshal.

It is worth while, in passing, to emphasize the advantage, if not propriety, of a more detailed showing in the marshal's return, of the items of property seized: here there is nothing which can be termed an inventory.

The issue now made by opposing counsel is this: The burden of proving solvency being admittedly cast upon respondents by section 3, clause "d," of the act, 30 Stat.

546-547,—by reason of the fact of an admitted preference, under section 3, clause "a," subdivision "(3),"—is this burden satisfied so far as concerns the firm and the respondent Desha, by that respondent's presence and the excuse made by his counsel that the books (meaning presumably his own books and those of the firm) are in the custody of the marshal and so in the court's custody?—i. e., as much within the control of the court and of the creditors, as within his own control? Clause "d" provides:

"Whenever a person against whom a petition has been filed as hereinbefore provided under the second and third subdivisions of this section takes issue with and denies the allegation of his insolvency, it shall be his duty to appear in court on the hearing, with his books, papers, and accounts, and submit to an examination, and give testimony as to all matters tending to establish solvency or insolvency, and in case of his failure to so attend and submit to examination the burden of proving his solvency shall rest upon him."

Congress has deemed it wise to provide this rule governing the burden of proof in such cases. It is a just rule, because the solvency of an alleged bankrupt is a matter peculiarly within his own knowledge, or almost always within his power to show more easily than it can be shown by anyone else. See 4 Wigmore Evidence, 3525, sec. 2486; 2 Chamberlayne, Evidence, 1154-1156, sec. 978; Jones, Evidence, 2d ed., sec. 181 (179). Are we, then, to raise an exception to that declared rule of policy merely because, in a case like this, it is as convenient for the petitioning creditors (or for the marshal or the judge), as it is for the respondent himself, to get the respondent's books into court? The question answers itself. The statute having made it the respondent's duty to appear with his books, the burden must remain and is not to be shifted by the mere consideration of convenience or inconvenience. The contesting respondent Desha could have secured the pres-

ence of the books by a subpoena d. t. or by other proper order of court, and it was his business to do so.

Furthermore, apart from the presence or absence of the books of account, clause "d" makes it his duty not only "to appear . . . with his books, papers and accounts, and submit to an examination," but also to "give testimony as to all matters tending to establish solvency or insolvency." He gave no such testimony, but declared himself entirely ignorant on the question at issue. Such ignorance is of itself so uncommon in business life as, fairly, to require explanation, and is itself a circumstance,—though it is not necessary to hold it controlling,—adverse to the special defense of solvency. The respondent Desha has not sustained the burden either as to himself or as to his firm. See Collier, Bankruptcy, 9th ed., 114, and cases cited.

Let the firm be adjudged bankrupt; and let its members as individuals be each so adjudged.

It may be of advantage in future cases, to point out that the delays in this proceeding have been intolerable. As the court is informed, expenses have been incurred approaching the disproportionate aggregate of one thousand dollars. Such expenses are in large measure avoidable. Counsel on both sides appear to have been too complaisant toward expense and delay. For one thing, the stock in trade might, it would seem, have been packed and locked up to avoid the hiring of a special custodian for all these five months.

Let the schedules of the partners as individuals and of the firm be filed within ten days (act, sec. 7, clause "a," subdiv. 8): no extension of time will be granted therefor, save under the most extreme necessity.