### In re A. & M. MOTOR CAR CO., Inc.

(District Court, D. Massachusetts. January, 1923.)

Bankruptcy ⬉⟞59—Allowing sale of attached property and substitution of proceeds held not "act of bankruptcy."

Where an insolvent debtor consented to a sale of attached property in accordance with G. L. Mass. c. 223, §§ 52, 87–93, allowing a sale of attached property and the substitution of the proceeds thereof, *held*, that the debtor did not commit an act of bankruptcy by permitting such sale.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

In Bankruptcy. In the matter of the A. & M. Motor Car Company, Inc., alleged bankrupt. On report of referee. Report confirmed and petition dismissed.

Herman & Leary, of New Bedford, Mass., for petitioning creditors.
Adolph M. Schwarz and C. Frank M. Pugh, both of Boston, Mass., for responding creditors.

HUTCHINGS, Referee. A creditor's petition in due form, against the alleged bankrupt, was duly filed in this court on the 31st day of January, 1922. The allegations were in the usual form, setting up the fact that the petitioners were creditors of the A. & M. Motor Car Company, Inc.; that they have provable claims amounting in aggregate in excess of securities held by them to the sum of $500, the nature of the claims being set forth; that the alleged bankrupt was insolvent, and that within four months next preceding the date of the petition it had committed an act of bankruptcy, in that it did on the 1st day of November, A. D. 1921, allow and permit, while insolvent, one creditor to obtain a preference through legal proceedings, and did not, within five days before a sale of goods attached by said creditors, vacate and discharge the said attachment.

To this petition the bankrupt filed no answer, but a creditor, Raymond W. Harris, doing business as the R. W. Harris Tire & Rubber Company, with a usual place of business in Boston, of said district, appeared and denied that the alleged bankrupt committed an act of bankruptcy as charged. Thereupon the matter was referred to me to determine the facts, and the parties appeared before me by their counsel; the petitioning creditors being represented by Herman & Leary, of New Bedford, Mass., and the responding creditor by A. M. Schwartz, Esq. At the hearing, the petitioners called as a witness one Edward Moriarty, of New Bedford, Mass., who testified he was the treasurer of the alleged bankrupt corporation and had knowledge of its financial condition. He testified to the insolvency of the company during November and December, 1921. He further testified that on the 3d or 4th of November, 1921, Raymond W. Harris, responding creditor, through his counsel, A. M. Schwarz, Esq., of Boston, Mass., caused a writ of attachment to be served upon the company, upon which certain property within the place of business of said alleged bankrupt corporation in New Bedford, was taken possession of by J. Arthur Balthazar, a deputy sheriff of Bristol county, who placed keepers in possession thereof. Subsequently, by consent of all parties, and as said Moriarty testified, "to save rent and expense," the aforesaid property was advertised for sale at auction as per duly published notices in the New Bedford and Boston daily papers, and in accordance with the statutes of the commonwealth of Massachusetts, and was sold for the sum of $1,200, this being the only sale or disposition of the property made by any person, so far as disclosed by evidence.

A certified copy of the writ, with officer's return thereon, and of the consent to sale, was filed and is annexed to this report, from which it appears that the writ was returnable to the Suffolk superior court, and a certified copy of the record of said court in relation to the pending action was introduced by the petitioning creditor, and disclosed that beyond the mere fact of the entry of the writ in court no further proceedings had been taken. The writ further disclosed the attachment was not made on the 1st of November, 1921, as alleged in the petition, but on November 3, 1921. The responding creditor cited General Laws of the Commonwealth of Massachusetts, c. 223, §§ 87 to 93. Section 87 reads:

298 F.—60

"Personal property which has been attached on one or more writs may, if the debtor and all the attaching creditors consent in writing, subject to [provisions of] sections 74 to 83, inclusive, be sold by the attaching officer in the manner provided by law for selling like property on execution; and the proceeds of the sale, after deducting the necessary charges, shall be held by the officer subject to the attachments and be disposed of as the property would have been held and disposed of had it remained unsold."

Section 93 reads:

"The money is not transferred to attaching creditor. The title remains in the debtor."

And counsel for responding creditor further cited General Laws of Massachusetts, c. 223, § 52, which reads:

"If personal property has been sold or disposed of by consent of the parties, or after an appraisal as hereinafter provided, the proceeds, while remaining in the hands of the officer, shall be liable to be further attached by him as the property of the original defendant, in the manner in which the property itself might have been attached, and shall be held and disposed of in the same manner as if the attachment had been made on the property itself before the sale thereof."

I report that the foregoing are all the facts in the case found by me. I further report that, on the above facts, the cases of In re Crafts-Riordan Shoe Co. (D. C.) 185 Fed. 931, 26 Am. Bankr. R. 449, and Parmenter Manufacturing Co. v. Stoever, 97 Fed. 330, 38 C. C. A. 200, 3 Am. Bankr. R. 220, seems to govern.

I find that the allegation of the insolvency of the alleged bankrupt corporation was proven by evidence of its treasurer. I find the alleged act of bankruptcy was not committed on November 1, 1921, the date alleged, but the attachment alleged to be an act of bankruptcy was made on November 3, 1921. I find the alleged bankrupt permitted a sale of its goods under an attachment on mesne process before judgment, making no effort to dissolve the attachment at least five days before such sale.

I do not find that this is an act of bankruptcy within the contemplation of the act under the decisions above cited.

### Order of the Court.

At Boston, in said district, on the 12th day of January, 1923, before Hon. James M. Morton, Jr., judge of said court, this cause came on to be heard at Boston, in said district, upon the petition of James Coates et al. that A. & M. Motor Car Company, Inc., be adjudged a bankrupt within the true intent and meaning of the acts of Congress relating to bankruptcy, and upon the answer filed by Raymond J. Harris, creditor. Now, therefore, upon the report of the referee, to whom said matter was referred to ascertain and report facts, and after hearing Frank M. Fuller, Esq., of counsel for the objecting creditor, and no one appearing on behalf of the petitioning creditors, and thereupon, and upon consideration of the proofs in said cause, it was found that the facts set forth in said petition were not proved; and it is therefore adjudged that said A. & M. Motor Car Company, Inc., was not a bankrupt, and that said petition be dismissed, without costs.

Witness Hon. James M. Morton, Jr., judge of said court, and the seal thereof, at Boston, in said district, on the 12th day of January, 1923.