# IN THE MATTER OF BONNIN & COMPANY ET AL.,
Petitioning Creditors,

*v.*

## CANDIDO VAZQUEZ, Alleged Bankrupt.

Ponce, Bankruptcy, No. 496.

Opinion filed March 13, 1924.

*V. Zayas Pizarro, Esq.,* for petitioning creditors.

*Manuel Cruz Horta, Esq.,* for alleged bankrupt.

ODLIN, Judge, delivered the following opinion:

An involuntary petition in bankruptcy was filed in this case, which was thereafter amended and the court directed the same

to be filed as of the second day of October, 1923. Counsel for the alleged bankrupt filed a motion to dismiss the amended petition upon the ground that it did not set forth any facts constituting an act of bankruptcy, and the court, after hearing the argument, decided, on December 3d, 1923, that the motion for dismissal of the amended petition should be denied; and Candido Vazquez was declared a bankrupt. Thereafter, to wit, on December 13th, 1923, counsel for the alleged bankrupt filed a denial of the act of bankruptcy, and with this denial there was an affidavit to the effect that the said Candido Vazquez had not committed the supposed act of bankruptcy intended to be charged against him in and by said amended petition, and averred that he should not be declared a bankrupt for any cause set forth in said petition, and demanded that same be inquired of by a jury. Thereafter, to wit, on February 1st, 1924, a stipulation was filed, signed by counsel for the petitioning creditors and by counsel for the alleged bankrupt, withdrawing the request for a jury trial and submitting the matter to the decision of this court. This stipulation also set forth that the defendant admitted the allegations contained in the amended petition, but repeated his claim that these allegations did not state facts sufficient to constitute a cause of action; in other words, he repeated his claim that the petition failed to show an act of bankruptcy.

The matter has been thoroughly argued by counsel for the petitioning creditors and by counsel for the alleged bankrupt, during the present term here at Ponce, and I have come to the conclusion that I erred in my decision of December 3d, 1923, with the result that I must dismiss the amended petition, it being proper that I set forth briefly my reasons for this ruling.

The facts of the present case are admitted to be as follows: Candido Vazquez was insolvent at the time of the filing of the original petition in this case, and was also insolvent on June 19th, 1923; it is also admitted that the petitioners are creditors with provable claims, amounting to more than one thousand dollars; and that on June 19th, 1923, the Sucesores de Casio y Primo, began a suit in the Insular district court at Ponce to collect a debt due them from Candido Vazquez, which debt is of a nature provable in bankruptcy proceedings. Also at the time of instituting said suit, the plaintiffs therein prayed for and obtained an attachment of the property of Candido Vazquez, under the local law of Porto Rico, and that the property so attached was perishable in its nature; that on July 11th, 1923, before any judgment was rendered, the plaintiffs in that suit obtained an order for the sale of the property attached, on the sole ground that the same was perishable in its nature, under the provisions of § 5242 of the Revised Statutes Comp. Stat. § 9834, 6 Fed. Stat. Anno. 2d ed. p. 903, of Poto Rico, and it was provided that the funds which should be produced by said sale were to be deposited with the clerk of the Insular district court at Ponce to wait the final determination of the suit; and that the marshal of the Insular district court at Guayama proceeded forthwith to advertise said perishable property, being provisions, to be sold on the 23rd day of July, 1923; that four days prior thereto, to wit, on July 19th, 1923, a judgment by default was entered against the defendant by the Insular district court at Ponce, and that the said defendant appealed therefrom on August 20th, 1923, exactly one month after the petition in bankruptcy was filed; that prior to the date set for the sale of said provisions, the debtor, Candido Vazquez, did

not ask that said sale be voided and annulled, that the judg-
ment of the Insular district court at Ponce, entered on July
19th, 1923, was by default, and that the supreme court of Porto
Rico, on December 18th, 1923, dismissed the bill because coun-
sel for Candido Vazquez had filed no brief; and that the notice
of the judgment of the Insular district court at Ponce was
mailed to the said Candido Vazquez on July 21st, 1923.

In connection with a decision which I have read on this mat-
ter, I am not in the least influenced by the so-called appeal
taken by counsel for Candido Vazquez to the supreme court of
Porto Rico. It is very evident that his appeal was simply to
kill time and had no meaning or force, according to my view
of the case. The decision to which I have arrived is based upon
entirely different grounds. I find on page 153, volume 1, of
the valuable work of Mr. Collier on Bankruptcy, 13th ed. a
clear and definite statement that attachment proceedings which
have not been followed by a judgment are not of themselves
sufficient to create an act of bankruptcy. Mr. Collier distinctly
says there must be an actual determination of the claim, and a
consequent judgment, execution, levy and day of sale appointed.
It is conceded in the present case that there never was any exe-
cution issued. When it is sought to be argued that the sale of
the perishable property, consented to by Candido Vazquez, is
equivalent to an execution, a moment's thought will show that
this position is entirely untenable. It is distinctly admitted by
both counsel in the present case that the order for the sale of
provisions provided that the money derived from said sale
should be deposited with the clerk of the Insular district court
at Ponce. Where an execution issues, the money goes to the
plaintiff in the execution; whereas in this case of a sale of per-

ishable property, under the local statutes of Porto Rico, the money remains in the custody of the court and awaits the final disposition of the suit, in other words, the money simply takes the place of the provisions.

But the case which absolutely is controlling on this court is that of the Parmenter Mfg. Co. v. Stoever, being a decision of the circuit court of appeals, first circuit, in the year 1899, reported in 38 C. C. A. 200, 97 Fed. page 330, 2 N. B. N. Rep. 174. It is true in this case the judgment of the district court in favor of the creditors and against the bankrupt was affirmed, but the reason why it was affirmed is clearly shown by a brief recital of the facts, and a reading of the decision of Circuit Judge Putnam shows clearly that if the facts in the Parmenter case had been the same as they are in the case now before this court, no adjudication in bankruptcy would have followed. In the Parmenter Mfg. Co. Case the property of the alleged bankrupt was attached on July 5th, 1898, under a writ issued from one of the State courts in Massachusetts, a judgment followed in default and was entered on September 21st, 1898, and there at once issued a writ of execution in which the property attached was seized under date of October 15, 1898, and the sale was made on October 27th. The petition in bankruptcy was filed on February 1st, 1899. It will thus be seen that the petition in bankruptcy was filed more than four months after the attachment, but it was less than four months from the time of seizure and sale in execution. Argument had been made before the district judge that the adjudication in bankruptcy should not be made on the ground that the period of four months dates from the day of attachment, and not from the seizure or sale in execution. The court distinctly says that inasmuch as the

failure to effect the execution before the sale was an act of bankruptcy, it is clear that the four months period runs not from the date of attachment, but from the date connected with the proceedings after the judgment.

In view of the language of Mr. Collier, and in view of the language used by Judge Putnam, and because the decisions of the circuit court of appeals of the first circuit are absolutely binding upon this court, I am constrained to hold that no act of bankruptcy has been shown against Candido Vazquez, and the amended petition is dismissed.

To this order and opinion counsel for the petitioning creditors excepts.

Done and Ordered in open court, at Ponce, Porto Rico, this 13th day of March, 1924.